UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GRUCE,<br><br>     Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>     Defendants. | No.  2:14-cv-0560 AC<br><br><br>ORDER |

     Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to the jurisdiction of the undersigned.  ECF No. 4.  By order filed on June 2, 2014, plaintiff was ordered to file a completed in forma pauperis affidavit within thirty days.  ECF No. 8.  However, review of the complaint demonstrates that it is subject to summary dismissal and for that reason the court will not assess a filing fee.

     By his complaint, plaintiff alleges that he is ADA[1]-qualified and seeks equitable relief pursuant to the Armstrong Remedial Plan (ARP).  See Complaint.  "Individual suits for injunctive and equitable relief from unconstitutional prison conditions cannot be brought where there is an

---

[1] Americans with Disabilities Act.

1

1 existing class action." McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991)); Gillespie v.
2 Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (per curiam) ("To allow individual suits would
3 interfere with the orderly administration of the class action and risk inconsistent adjudications");
4 Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979) (district court may dismiss individual
5 plaintiff's claim where plaintiff is member of pending class action raising same issue); cf. McNeil,
6 945 F.2d at 1166 n.4 (recognizing two exceptions to class action comity rule: claims for money
7 damages and claims "not being litigated within the boundaries of the class action")  The ARP
8 encompasses "all present and future California state prison inmates and parolees [] with mobility,
9 sight, hearing, learning, or kidney disabilities." See Armstrong v. Wilson, 942 F.Supp. 1252,
10 1254 (N.D. Cal. Sept. 20, 1996).  Plaintiff's pursuit of equitable relief regarding his alleged right
11 to a particular placement as a result of his mobility impairment appears to fall squarely within the
12 Armstrong class action and the ARP.

13     Dismissal without leave to amend is only proper where it is clear that a claim "could not
14 be saved by any amendment." Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940,
15 946 (9th Cir.2005).  It is this court's determination that the defects of this complaint could not be
16 cured by amendment.

17     Accordingly, IT IS ORDERED that this complaint is summarily dismissed and this case is
18 closed.

19 DATED: July 7, 2014

20 _____
ALLISON CLAIRE
21 UNITED STATES MAGISTRATE JUDGE